WHITE AND WILLIAMS LLP
Amy E. Vulpio, Esq.
James C. Vandermark, Esq.
7 Times Square, Suite 2900
New York, NY 10036
(212) 244-9500
vulpioa@whiteandwilliams.com
vandermarkj@whiteandwilliams.com

*Proposed Counsel to Heidi J. Sorvino, Esq.,*
 *as the Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| 60 91st Street Corp., | Case No. 20-10338 (SCC) |
| Debtor. | |

**DECLARATION OF HEIDI J. SORVINO PURSUANT TO
LOCAL BANKRUPTCY RULE 9077-1(a) IN
SUPPORT OF ORDER TO SHOW CAUSE**

I, Heidi J. Sorvino, hereby declare:

1. I am a partner of the law firm of White and Williams LLP and am admitted to practice before this Court. Pursuant to this Court's Order Approving the Appointment of the Chapter 11 Trustee [Doc. No. 28] (the "**Appointment Order**"), I am the duly appointed Chapter 11 trustee in the above-captioned case for 60 91st Street Corp. (the "**Debtor**").

2. I submit this Declaration pursuant to Rule 9077-1(a) of the Local Rules of the United States Bankruptcy Court for the Southern District of New York in support of the proposed Order to Show Cause sought in connection with the Motion of the Chapter 11 Trustee for an Order to Compel Turnover of Estate Property (the "**Motion**").

24618266v.1

- 1 -

3. On February 4, 2020 (the "**Petition Date**"), the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"). On April 30, 2020, this Court entered the Appointment Order for my appointment as the Chapter 11 trustee in the above-captioned case.

4. The Debtor is the owner of the property located at 60 West 91st St., New York, NY 10024 (the "**Property**") which is an apartment building consisting of nine (9) units. Based on the limited records obtained by the Chapter 11 Trustee, six (6) of the units are leased to tenants and one (1) of the units is occupied by the Debtor's sole shareholder, Kim Mortimer. The Summary of Assets and Liabilities filed by the Debtor with the Voluntary Petition for Non-Individuals Filing for Bankruptcy [Doc. No. 1] states the value of the Property is $8,900,000. However, based on information and believe, the Property likely has a value less than half that amount.

5. As set forth in detail in the Motion, I have made several attempts to obtain the books, records and property of the Debtor from Ms. Mortimer. This includes numerous emails, phone calls, and at least two visits to the Property. Despite informing Ms. Mortimer of my appointment as Chapter 11 trustee and providing her with a copy of the Appointment Order, Ms. Mortimer has refused to turnover any of the Debtor's books and records. With the exception of some of the rent checks from tenants for May 2020 worth $6,879.98, she has also refused to turnover any of the Debtor's property. She has also represented to me that the tenant security deposits were spent and no longer available. Most significantly, she refused to turnover keys to the Property and has denied the Chapter 11 Trustee access to the Property.

6. Ms. Mortimer's continued refusal to turnover the Debtor's books, records, and property is impeding me from carrying out the duties and obligations set forth in Bankruptcy Code Section 1106. For example, without the books and records, loan documents, and leases, I am not able to

confirm amounts owed to the Debtor, claims asserted by creditors, or the obligations and responsibilities between the tenants and the Debtor.  I also do not have keys or access to the Property which impairs my ability to inspect the Property, lease available space, and address needed repairs or tenant issues.  These are matters that need immediate attention to obtain and retain tenants and ensure the Property is a safe and habitable space.  Delaying the turnover of the books, records, and property, will only put the Property, and potentially the tenants, at risk.

7.  I respectfully requests the Court shorten the notice period for the Motion so that it may be heard on or before May __, 2020.  My proposed counsel conferred with Judge Chapman's Courtroom Deputy, Greg White, who advised me to submit the enclosed Order to Show Cause and supporting documents.

8.  Good reason exists for the Court to shorten the notice period so that the Motion may be heard on or before May __, 2020.  Allowing Ms. Mortimer to retain the Debtor's books, records, and property, impairs my ability to quickly and efficiently develop and implement a bankruptcy strategy.  If the property at issue is not turned over, it will also impede my abilities to make payments required by Section 362(d)(3) and may result in parties seeking relief from the automatic stay, which could result in irreparable prejudice to the Debtor's estate and damage my ability to maximize the value of the Debtor's estate.  Moreover, Ms. Mortimer is not harmed by having a hearing on the Motion on a shortened notice as she is well aware of the facts at issue, including the Debtor's books, records, and property in her possession.

- 4 -

9. I have not made any previous applications for similar relief.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:   New York, New York
         May 14, 2020

                                        */s/ Heidi J. Sorvino*
                                        Heidi J. Sorvino, Esq.
                                        WHITE AND WILLIAMS LLP