# EXHIBIT B

**(Settlement Agreement)**

# SETTLEMENT AGREEMENT

This agreement (the "**Settlement Agreement**") is made and entered into as of the 9th day of June, 2020, by and among Heidi J. Sorvino (the "**Chapter 11 Trustee**"), as the Chapter 11 trustee for the bankruptcy estate of 60 91st Street Corp. (the "**Debtor**"), and The Law Office of Charles A. Higgs (the "**Prior Counsel**" and with the Chapter 11 Trustee, collectively, the "**Parties**").

## RECITALS

A. On February 4, 2020, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

B. On or about March 16, 2020, the Prior Counsel received a post-petition retainer in the amount of $7,500 (the "**Post-Petition Retainer**") from Kim Mortimer to provide legal services to the Debtor, including representing the Debtor in its pending bankruptcy case.

C. Kim Mortimer represented that the Post-Petition Retainer was a third-party retainer being paid by Kim Mortimer as set forth in the *Declaration Relating to Payment of Third-Party Retainer* filed with and in support of the *Declaration in Support of Debtor's Application for an Order Authorizing the Retention of the Law Office of Charles A Higgs as Attorneys of the Debtor, Nunc Pro Tunc to February 28, 2020* [Doc. No. 24].

D. On April 30, 2020, the Chapter 11 Trustee was subsequently appointed as the Chapter 11 trustee for the bankruptcy estate of the Debtor.

E. The Prior Counsel was advised by the Chapter 11 Trustee and the U.S. Trustee that at a hearing on May 20, 2020, Kim Mortimer represented to the Bankruptcy Court that she did not pay the Post-Petition Retainer from personal funds but instead used rental deposits from the Debtor's property at 60 West 91st St., New York, NY 10024 to pay the Post-Petition Retainer.

F. The Chapter 11 Trustee has represented to the Prior Counsel that the Post-Petition Retainer constitutes property of the bankruptcy estate and requested that the Prior Counsel turn over the Post-Petition Retainer to her office (the "**Turnover Request**")

G. Based on the above representations and requests, the Prior Counsel has agreed to turnover the Post-Petition Retainer to the Chapter 11 Trustee subject to court approval of this Settlement Agreement.

## TERMS AND CONDITIONS

**NOW, THEREFORE**, in consideration of the covenants, promises, and releases set forth herein, and with the intent to be legally bound thereby, the Parties agree as follows:

1. **Settlement Payment**. In full settlement of the Chapter 11 Trustee's Turnover Request, the Prior Counsel, within five (5) days of the date that the Bankruptcy Court enters an Order approving this Settlement Agreement (the "**Approval Date**"), shall pay to the Chapter 11 Trustee the sum of $7,500.00 (the "**Settlement Payment**"). The Settlement Payment shall be delivered to White and Williams LLP c/o Heidi J. Sorvino, Esq., 7 Times Square, Suite 2900, New York, NY 10036. In lieu of delivery as described above, the Settlement Payment may be transmitted via wire transfer upon consent of the Parties.

2. **Effective Date**. This Settlement Agreement is subject to Bankruptcy Court approval and shall be effective and binding to the extent provided herein upon and inure to the benefit of the Parties and their permitted assigns and successors as of the Approval Date.

3. **Future Claims**. The Settlement Payment is without prejudice to the ability of any party claiming an interest in the Retainer or Settlement Payment from filing an application with the Bankruptcy Court for payment from the bankruptcy estate. Neither the foregoing nor anything in this Settlement Agreement shall be deemed a waiver of the right, if any, of the Prior Counsel to seek an order approving its retention or to make a fee application to the Bankruptcy Court.

4. **No Admission of Wrongdoing**. This Settlement Agreement and all negotiations, statements, and proceedings in connection herewith shall not be, in any event, (a) construed as or deemed to be evidence of, an admission of, or concession of any liability or wrongdoing by either Party, and shall not be offered or received in evidence in any action or proceeding (except an action to enforce this Settlement Agreement), or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature by either Party or with respect to any defense or denial of liability by any Party; or (b) construed as, or deemed to be evidence of, an admission or concession that any Party has or has not suffered any damage, or that any Party does not bear any responsibility for any alleged damages.

5. **Arm's-Length and Voluntary Settlement**. The Parties have carefully read, and know and understand, the full contents of this Settlement Agreement, and agree that the terms of this Settlement Agreement were negotiated at arms'-length in good faith by the Parties and reflect a settlement that was reached voluntarily.

6. **Modification or Amendment**. This Settlement Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by the Parties or their successors-in-interest.

7. **Headings**. The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

8. **No Party is the Drafter**. None of the Parties hereto shall be considered to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statue, case law or rule of construction what would or might cause any provision to be construed against the drafter hereof.

9. **Entire Agreement**.  This Settlement Agreement contains the entire agreement and understanding between the Parties concerning the subject matter hereof, and supersedes any prior or contemporaneous discussion or agreements thereon.  The Parties acknowledge that no Party, or any agent, representative, attorney, or client of a Party, has made any promise, representation, or warranty whatsoever, express or implied, that is not contained herein concerning the subject matter hereof, to induce any Party to execute the Settlement Agreement.  The Parties acknowledge that they have not executed the Settlement Agreement in reliance on any promise, representation, or warranty not contained herein.

**IN WITNESS WHEREOF**, the Parties execute this Settlement Agreement as of date first set forth above.

| */s/ Charles A. Higgs* | */s/ Heidi J. Sorvino* |
|---|---|
| Charles A. Higgs | Heidi J. Sorvino |
| The Law Office of Charles A. Higgs | Chapter 11 Trustee |