WHITE AND WILLIAMS LLP
Amy E. Vulpio, Esq.
James C. Vandermark, Esq.
7 Times Square, Suite 2900
New York, NY 10036
(212) 244-9500
vulpioa@whiteandwilliams.com
vandermarkj@whiteandwilliams.com

*Counsel to Heidi J. Sorvino, Esq.,
 as the Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| 60 91st Street Corp., | Case No. 20-10338 (SCC) |
| Debtor. | |

**DECLARATION OF HEIDI J. SORVINO PURSUANT TO
LOCAL BANKRUPTCY RULE 9077-1(a) IN
SUPPORT OF ORDER TO SHOW CAUSE**

I, Heidi J. Sorvino, hereby declare:

1. I am a partner of the law firm of White and Williams LLP and am admitted to practice before this Court. Pursuant to this Court's Order Approving the Appointment of the Chapter 11 Trustee [Doc. No. 28] (the "**Appointment Order**"), I am the duly appointed Chapter 11 trustee in the above-captioned case for 60 91st Street Corp. (the "**Debtor**").

2. I submit this Declaration pursuant to Rule 9077-1(a) of the Local Rules of the United States Bankruptcy Court for the Southern District of New York in support of the proposed Order to Show Cause sought in connection with the *Motion of Heidi J. Sorvino, as the Chapter 11 Trustee, Pursuant to 11 U.S.C. §§ 105, 363, and 541, for an Order (I) Deeming Debtor a de*

*facto Corporation and (II) Finding Certain Real Property to be Property of the Debtor's Estate* (the "**Motion**").[1]

3. On February 4, 2020 (the "**Petition Date**"), the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"). On April 30, 2020, this Court entered the Appointment Order for my appointment as the Chapter 11 trustee in the above-captioned case.

4. The Debtor is the owner of the property located at 60 West 91st St., New York, NY 10024 (the "**Property**") which is an apartment building consisting of nine (9) units. The Summary of Assets and Liabilities filed by the Debtor with the Voluntary Petition for Non-Individuals Filing for Bankruptcy [Doc. No. 1] states the value of the Property is $8,900,000. However, based on information and believe, the Property likely has a value less than half that amount.

5. As set forth in detail in the Motion, I determined that a sale of the substantially all of the Debtor's assets, including the Property is in the best interest of the Debtor, the Estate, the Lender, other secured creditors, and all parties in interest. A successful sale will provide the means for resolving the claims of all creditors in this bankruptcy case as well as the professional fees and other administrative expenses that have been incurred since the Petition Date. Based on initial estimates of the Property's value, there may even be amounts available for distributions to equity holders, including the Shareholder, to the extent that the Property sells for an amount greater than all claims in this case, including the professional fees and administrative expense claims.

6. In an effort to maximize the value of the Property, I caused the Bidding Procedures Motion to be filed to provide for an expedient and efficient means for marketing the Property and attracting potential buyers to submit bids and participate in an auction, if necessary. In

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

preparation for a hearing on the Bidding Procedures Motion, I caused the Title Company to be retained. The Title Company recently advised that an order deeming the Debtor a *de facto* corporation was necessary before I could obtain a commitment from the Title Company to issue title insurance for the proposed Sale.

7. A hearing on the Bidding Procedures Motion was adjourned to September 17, 2020. The Sale is currently scheduled to be completed prior to the end of the 2020 calendar year. It is anticipated that the Debtor will be able to continue to operate through the current proposed date of the Sale. Delaying the hearing on the Bidding Procedures Motion will likely result in the further delay in marketing the Property and the Sale. This is problematic for the Debtor because the rental income generated by the Property is decreasing as tenants move out and is unlikely to be sufficient to cover expenses if the Sale does not occur before the end of this calendar year.

8. I respectfully requests the Court shorten the notice period for the Motion so that it may be heard on or before September 24, 2020. My proposed counsel conferred with Judge Chapman's Courtroom Deputy, Greg White, and was advised to submit the enclosed Order to Show Cause and supporting documents.

9. Good reason exists for the Court to shorten the notice period so that the Motion may be heard on or before September 24, 2020. Moreover, neither Ms. Mortimer nor any other party is harmed by having a hearing on the Motion on a shortened notice as they are well aware of the facts at issue, including the Debtor's dissolution and continued operations as a *de facto* corporation.

10. I have not made any previous applications for similar relief.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
September 14, 2020

*/s/ Heidi J. Sorvino*
Heidi J. Sorvino, Esq.
WHITE AND WILLIAMS LLP