WHITE AND WILLIAMS LLP
Amy E. Vulpio, Esq.
James C. Vandermark, Esq.
7 Times Square, Suite 2900
New York, NY 10036
(212) 244-9500
vulpioa@whiteandwilliams.com
vandermarkj@whiteandwilliams.com

*Counsel to Heidi J. Sorvino, Esq.,*
 *as the Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| 60 91st Street Corp., <br>                 Debtor. | Case No. 20-10338 (SCC) |

**MOTION OF THE CHAPTER 11 TRUSTEE TO (I) ENFORCE THE SETTLEMENT AGREEMENT WITH THE LAW OFFICE OF JULIO E. PORTILLA, P.C. AND (II) COMPEL TURNOVER OF ESTATE PROPERTY**

Heidi J. Sorvino, as the duly appointed Chapter 11 Trustee for the bankruptcy estate of the above captioned debtor, (the "**Chapter 11 Trustee**") hereby submits this motion (the "**Motion**") pursuant to Sections 105 and 542 of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of an Order (the "**Proposed Order**") substantially in the form submitted herewith as **Exhibit A**, which enforces the Settlement Agreement dated June 9, 2020 (the "**Settlement Agreement**") between the Chapter 11 Trustee and Law Office of Julio E. Portilla, P.C. (the "**Prior Counsel**") and compels the Prior Counsel to turnover the Retainer (as defined below) to the Chapter 11 Trustee.

**PRELIMINARY STATEMENT**

1. Pursuant to the Settlement Agreement, the Prior Counsel agreed to turnover $7,500 (the "**Retainer**") which was held by the Prior Counsel as a retainer for the Prior Counsel to represent 60 91st Street Corp. (the "**Debtor**") in these bankruptcy proceedings. The Prior Counsel never represented the Debtor in these proceedings and failed to comply with the terms of the Settlement Agreement by not turning over the Retainer to the Chapter 11 Trustee within the time required by the Settlement Agreement. Pursuant to sections 105 and 542 of the Bankruptcy Code, the Chapter 11 Trustee respectfully requests this Court enter an Order enforcing the Settlement Agreement and compelling the Prior Counsel to turn over the Retainer, with interest, and grant such other and further relief as this Court deems appropriate. In support of the relief requested, the Chapter 11 Trustee relies upon the Declaration of Heidi J. Sorvino (the "**Sorvino Declaration**") submitted with this Motion.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of the Debtor's Chapter 11 case and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief requested herein is 11 U.S.C. §§ 105 and 542 and CPLR §§ 5001-5004.

**BACKGROUND**

4. On February 4, 2020 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). Until the appointment of the Trustee, the Debtor

operated its business and managed its affairs as a debtor in possession under Sections 1107 and 1108 of the Bankruptcy Code.

5. On or about December 20, 2019, the Prior Counsel received the Retainer to provide legal services to the Debtor, including representing the Debtor in its pending bankruptcy case. Sorvino Declaration, ¶ 4.

6. On April 30, 2020, the Bankruptcy Court entered the Order Approving the Appointment of the Chapter 11 Trustee [Doc. No. 28] (the "**Order**") appointing Ms. Sorvino as the chapter 11 Trustee in the Debtor's bankruptcy case. Sorvino Declaration, ¶ 1.

7. The Prior Counsel was advised by the Chapter 11 Trustee and the U.S. Trustee that at a hearing on May 20, 2020, Kim Mortimer represented to the Bankruptcy Court that she used rental deposits from the Debtor's property at 60 West 91st Street, New York, NY 10024 to pay the Retainer. Sorvino Declaration, ¶ 5.

8. The Chapter 11 Trustee has represented to the Prior Counsel that the Retainer constitutes property of the bankruptcy estate and requested that the Prior Counsel turn over the Retainer to her office. Sorvino Declaration, ¶ 5.

9. The Prior Counsel agreed to turn over the Retainer to the Chapter 11 Trustee and, on or about June 9, 2020, the Prior Counsel and the Chapter 11 Trustee executed the Settlement Agreement. Sorvino Declaration, ¶ 6. Pursuant to the Settlement Agreement, the Prior Counsel was required to turn over the Retainer by paying to the Chapter 11 Trustee within five (5) days of the date that the Bankruptcy Court entered an Order approving the Settlement Agreement. Sorvino Declaration, ¶ 6.

3

26086733v.1

10. On July 23, 2020, the Bankruptcy Court entered the *Order Approving Settlement Agreement with the Law Office of Julio E. Portilla, P.C.* [ECF No. 118] [the "**Approval Order**"], by which the Bankruptcy Court approved the Settlement Agreement. Sorvino Declaration, ¶ 7.

11. On July 23, 2020, counsel for the Chapter 11 Trustee provided Julio Portilla with a copy of the Approval Order via electronic mail and requested that the Retainer be turned over to the Chapter 11 Trustee as set forth in the Settlement Agreement. Sorvino Declaration, ¶ 8. The Chapter 11 Trustee and her counsel have made several requests for the Prior Counsel to comply with the Settlement Agreement; however, the Prior Counsel has failed to turn over the Retainer to the Chapter 11 Trustee. Sorvino Declaration, ¶ 9.

## BASIS FOR RELIEF REQUESTED

12. Section 541 of the Bankruptcy Code defines property of the estate broadly to include all "interests of the debtor in property" "wherever located and by whomever held." 11 U.S.C. § 541(a); *see also U.S. v. Whiting Pools, Inc.*, 674 F.2d 144, 150 (2d Cir. 1982). The Bankruptcy Code provides various tools to marshal the assets of an estate for the benefit of the estate's creditors. One such tool is turnover, pursuant to 11 U.S.C. § 542; *See also Geron v. Peebler (In re Pali Holdings, Inc.)*, 488 B.R. 841, 851 (Bankr. S.D.N.Y. 2013). The essence of a turnover action is to bring "the estate's property" by invoking "the court's most basic equitable powers to gather and manage property of the estate." *Id; Whiting Pools,* 674 F.2d at 152 (the legislative history of Section 542 "compels a broad view of [Section] 542 turnover power.").

13. Section 105 of the Bankruptcy Code allows courts to "enforce or implement" its earlier lawful orders - i.e., to "vindicate[] the interests of the court." *See NWL Holdings, Inc. v. Eden Ctr., Inc. (In re Ames Dep't Stores, Inc.)*, 317 B.R. 260, 274 (Bankr. S.D.N.Y. 2004). By entering the Order, this Court appointed the Chapter 11 Trustee and obligated her to carry out the

4

duties and obligations in Sections 1106. In order to carry out those duties, the Chapter 11 Trustee needs the records and other property of the Debtor identified on Schedule 1 to the Proposed Order.

14. Section 542(a) provides that an entity in possession, custody, or control of estate property "shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." The party seeking turnover of estate property must show: "(1) the property is in the possession, custody or control of another entity; (2) the property can be used in accordance with the provisions of [Section] 363 [of the Bankruptcy Code]; and (3) the property has more than inconsequential value to the debtor's estate." *Kramer v. Mahia (In re Khan)*, No. 10-46901, 2014 Bankr. LEXIS 4205, at *19 (E.D.N.Y. Dec. 24, 2014) (*quoting Zazzali v. Minert (In re DBSI, Inc.)*, 468 B.R. 663, 669 (Bankr. D. Del. 2011)).

15. The Chapter 11 Trustee is able to satisfy all three of the requirements for turnover pursuant to Section 542 of the Bankruptcy Code. First, as set forth in the Settlement Agreement, the Prior Counsel admitted to receiving the Retainer and holding it for the purpose of representing the Debtor in these bankruptcy proceedings. The Prior Counsel did not represent the Debtor in these proceedings. Despite repeated requests, Mr. Portilla has refused to turnover the Retainer to the Chapter 11 Trustee. As such, the Retainer remains in the possession of the Prior Counsel. Second, the Retainer is property of the estate which the Chapter 11 Trustee may use in accord with Section 363 of the Bankruptcy Code. Finally, the Retainer has a value of $7,500 and is necessary to maintain and operate the Debtor's business and maximize the value of the bankruptcy estate for the benefit of all interested parties.

16. Despite the Bankruptcy Court's approval of the Settlement Agreement, the Prior Counsel has failed to comply with the obligation to turn over the Retainer as agreed to in the

5

Settlement Agreement. Mr. Portilla has simply refused to turn over the Retainer to the Chapter 11 Trustee necessitating this Motion and turnover under Section 542(e) of the Bankruptcy Code.

17. The Bankruptcy Court may also award the Chapter 11 Trustee pre-judgment interest to fully compensate the Debtor's estate for the Prior Counsel's refusal to turn over the Retainer. *Doe v. East Lyme Bd. of Educ.*, 962 F.3d 649, 662 (2d Cir. 2020) (*citing Wickham Contracting Co., Inc. v. Local Union No. 3, Int'l Bhd. of Elec. Workers, AFL-CIO*, 955 F.2d 831, 833-834 (2d Cir. 1992)). Here, the Prior Counsel should be required to pay interest, at the pre-judgment rate provided for under New York law, which is nine percent (9%), for the period of time that the Prior Counsel has held the Retainer (since December 20, 2019) and until the Retainer is turned over to the Chapter 11 Trustee. *See* CPLR § 5004; *see also Strobl v. New York Mercantile Exchange*, 590 F. Supp. 875, 882 (S.D.N.Y. 1984) (in determining rate of pre-judgment interest….the federal court is to look to the law of New York, CPLR §§ 5001-5004), *aff'd* 768 F.2d 22 (2d Cir.); *Koylum, Inc. v. Peksen Realty Corp.*, 357 F.Supp. 2d 593, 595-596 (N.Y.E.D. 2005).

## NO PRIOR REQUESTS

18. No previous request for the relief sought herein has been made to the Bankruptcy Court.

## NOTICE

19. Notice of the Motion will be given to the following parties, or, in lieu thereof, their counsel: (a) the Office of the U.S. Trustee for the Southern District of New York; (b) counsel to 2386 Hempstead, Inc.; (c) Kim Mortimer; and (D) all parties requesting service through the Court's CM ECF system. The Chapter 11 Trustee submits that, in light of the nature of the relief requested, no other or further notice need be provided.

26086733v.1

WHEREFORE, the Chapter 11 Trustee respectfully requests that this Court enter an order, substantially in the form attached hereto as Exhibit A (i) compelling the Prior Counsel to turn over the Retainer, with interest, and (ii) granting such other and further relief as is just and proper.

Dated: New York, New York
November 20, 2020

WHITE AND WILLIAMS LLP

*/s/ James C. Vandermark*
Amy E. Vulpio
James C. Vandermark
7 Times Sq., Suite 2900
New York, NY 100036
vulpioa@whiteandwilliams.com
vandermarkj@whiteandwilliams.com

*Counsel to Heidi J. Sorvino, Esq., as the Chapter 11 Trustee*