**Exhibit A**

(Consolidated Note)

Loan #:

# CONSOLIDATED
# INTEREST-ONLY PERIOD FIXED RATE NOTE

October 3, 2016          Melville,          New York
[Date]          [City]          [State]

60 West 91st St., New York, NY 10024
[Property Address]

1. **BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $1,700,000.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is 2386 Hempstead Inc. I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

2. **INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 3.000%.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

3. **PAYMENTS**

  (A) Time and Place of Payments

I will make a payment every month. This payment will be for interest only for the first 12 months.

I will make my monthly payment on the first day of each month beginning on November 3, 2016. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date, and if the payment includes both principal and interest it will be applied to interest before Principal. If, on October 3, 2017, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 45 Glen Cove Rd., Greenvale, NY 11548 or at a different place if required by the Note Holder.

  (B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $4,250.00 for the first 12 months of this Note. The Note Holder will notify me prior to the date of change in monthly payment. The borrower shall have the option to pay only $3,500.00 per month for the first 12 months of this Note. If the borrower elects this reduced payment, the shortage of $750.00 per month shall be added to the payoff amount that will be due on October 3, 2017.

4. **BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying any Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date of my monthly payment unless the Note Holder agrees in writing to those changes. However, if the partial Prepayment is made during the period when my monthly payments consist only interest, the amount of the monthly payment will decrease for the remainder of the term when my payments consist only of interest as well as during the time that my payments consist of principal and interest. If the partial Prepayment is made during the period when my payments consist of principal and interest, the amount of my monthly payment will not decrease; however, the principal and the interest required under this Note will be paid prior to the Maturity Date.

5. **LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

6. **BORROWER'S FAILURE TO PAY AS REQUIRED**

  (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 2.000% of my overdue payment of interest and/or principal and interest. I will pay this late charge promptly but only once on each late payment.

  (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

  (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

  (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

  (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

7. **GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by certified mail, return receipt requested, to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

8. **OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

9. **WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

10. **UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

11. **DEFAULT**

In the event of any acceleration of the due date of any amount or amounts due under this note by reason of the Maker's failure to comply with the terms, covenants and conditions of this note, or on and after the maturity date set forth herein, whichever occurs first, it is agreed by the parties that interest on such amounts shall be computed at the maximum legal rate from the date of acceleration or maturity until the entire debt evidenced hereby is satisfied whether or not, notice of acceleration is delivered to Maker; in the event an action is instituted to collect the debt herein or to foreclose under the terms of the Mortgage and Security Agreement, or to foreclose any mortgage or mortgages given now or hereafter as collateral security for this indebtedness, interest on the amounts due hereunder shall be computed at the maximum legal rate from the date of acceleration or maturity of the indebtedness evidenced hereby until the entire debt is paid in full. All such interest shall be secured by the Mortgage and Security Agreement. Maker agrees that the time of repayment of the debt when due as hereinabove stated is of unique and specific importance and financial necessity to the holder of this note and the Mortgage and Security Agreement, and time is hereby made of the essence. It is further understood that the foregoing provisions of this paragraph do not constitute a consent or agreement on the part of the holder of this note to extend or postpone the time of such payment beyond the present date of maturity hereof. If any action is instituted to collect the debt herein or to foreclose the Mortgage and Security Agreement, or to foreclose under the terms of the Mortgage and Security Agreement or any collateral mortgage collaterally securing the debt herein whether granted now or at any future time, the Maker, and any guarantor, endorser or surety hereby severally agree to pay the reasonable attorney's fee incurred by the holder of this note for each such action, together with all costs and disbursements incurred in connection therewith, which attorney's fees, costs and disbursements shall be added to the amount due hereunder.

In no event shall the undersigned be charged more than the highest rate of interest which may be lawfully charged by the holder hereof and paid by the undersigned on the indebtedness evidenced hereby. It is, therefore, agreed that if at any time interest on the indebtedness evidenced hereby would otherwise exceeds the highest lawful rate, the rate shall be automatically reduced and only such highest lawful rate will be paid by the undersigned. Should any amount be paid by the undersigned in excess of such highest lawful amount, such excess shall be deemed to have been paid in reduction of the principal balance hereof.

**WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.**

60 91st Street Corp.

_____(Seal)
By: Kimberly Mortimer


_____(Seal)


_____(Seal)


_____(Seal)

# BALLOON PAYMENT RIDER TO NOTE AND SECURITY INSTRUMENT

This BALLOON PAYMENT RIDER ("Rider") is made this **October 3, 2016**, and amends a Note in the amount of **$1,700,000.00** (the "Note" made by the person(s) who sign below ("Borrower") to **2386 Hempstead Inc.** and the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") dated and given by Borrower to secure repayment of the Note.

In addition to the agreements and provisions made in the Note and the Security Instrument, both Borrower and Lender further agree as follows:

> IF NOT PAID EARLIER, THIS LOAN IS PAYABLE IN FULL ON (THE "MATURITY DATE"). BORROWER MUST REPAY THE ENTIRE UNPAID PRINCIPAL BALANCE OF THE LOAN AND INTEREST THEN DUE. THIS IS CALLED A "BALLOON PAYMENT". THE LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME.

_____
Witness

_____
Witness

60 91st Street Corp.

_____
By: Kimberly Mortimer

Loan #:

# PREPAYMENT ADDENDUM TO NOTE

Date: October 3, 2016

Borrower(s): 60 91st Street Corp.

THIS PREPAYMENT ADDENDUM TO NOTE (the "Addendum") is made this October 3, 2016 and is incorporated into and shall be deemed to amend and supplement that certain promissory note (the "Note") made by the undersigned ("Borrower") in favor of **2386 Hempstead Inc.** ("Lender") and dated the same date as this Addendum. Repayment of the Note is secured by a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") given by Borrower in favor of Lender and dated the same date as this Addendum. To the extent that the provisions of this Addendum are inconsistent with the provisions of the Note, the provisions of this Addendum shall supersede the inconsistent provisions of the Note.

ADDITIONAL COVENANTS. In addition to the covenants and agreements made in the Note, Borrower and Lender further covenant and agree as follows:

Section 4 of the Note is amended to read in its entirety as follows:

4. **BORROWER'S RIGHT TO PREPAY; PREPAYMENT CHARGE**
I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment". When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.
The Note Holder will use my Prepayment to reduce the amount of Principal that I owe under the Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payment unless the Note Holder agrees in writing to those changes.
If the Note contains provisions for a variable interest rate, my partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase. If this Note provides for a variable interest rate or finance charge, and the interest rate or finance charge at any time exceeds the legal limit under which a Prepayment penalty is allowed, then the Note Holder's right to assess a Prepayment penalty will be determined under applicable law.
If within six (6) months from the date the Security Instrument is executed I make a full Prepayment or one or more partial Prepayments, and the total of all such Prepayments in any 12-month period exceeds twenty percent (20%) of the original Principal amount of the loan, I will pay a Prepayment charge in an amount equal to three (3) months' advance interest on the amount by which the total of my Prepayments within any 12-month period exceeds twenty percent (20%) of the original Principal amount of the loan.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this Addendum.

Date: October 3, 2016

60 91st Street Corp.

By: Kimberly Mortimer

*[Sign original only]*

STATE OF NEW YORK      )
                       )ss:
COUNTY OF SUFFOLK      )

On **October 3, 2016**, before me, the undersigned, personally appeared **Kimberly Mortimer**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacities and that by his/her/their signatures on the instrument, the individuals, or the person upon behalf of which the individuals acted, executed the instrument.

_____
Notary Public

JAMES KOCORIS
NOTARY PUBLIC - STATE OF NEW YORK
NO. 02KO6020325
QUALIFIED IN NASSAU COUNTY
Commission Expires March 1, 20__

PAY TO THE ORDER OF

WITHOUT RECOURSE
2386 Hempstead Inc.

_____