# Exhibit D

(Foreclosure Judgment)

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| PRESENT: | HON. ARLENE P. BLUTH | PART | IAS MOTION 32 |
|---|---|---|---|
| | Justice | | |

-----------------------------------------------------------------X

2386 HEMPSTEAD, INC.

         Plaintiff,

- v -

60 91ST STREET CORP.,

         Defendant.

-----------------------------------------------------------------X

| INDEX NO. | 850274/2017 |
|---|---|
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION, JUDGMENT OF FORECLOSURE AND SALE**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 102, 103
were read on this motion to/for     JUDGMENT - FORECLOSURE & SALE     .

    The motion by plaintiff for a judgment of foreclosure and sale is granted. The cross-motion by defendant to vacate is denied.

**Background**

    In this foreclosure action, plaintiff moves to confirm the report of Thomas Kleinberger, which found that plaintiff is due $2,691,415.40 as of April 30, 2019.

    In opposition and in support of its motion to vacate, defendant claims that plaintiff has unclean hands because it purportedly paid itself monies from the proceeds of the loan to which it was not entitled. Defendant also alleges that plaintiff changed the agreed-upon terms of the loan agreement at the closing. Defendant's principal contends that although she was represented by counsel at the closing and that she signed the subject agreement, she was suffering from distress due to her mother's illness. She claims she now knows the documents she signed do not represent the negotiations she previously had with the lender.

850274/2017 2386 HEMPSTEAD, INC. vs. 60 91ST STREET CORP.      Page 1 of 10
Motion No. 003

1 of 13

Defendant claims there is excusable default because the building had no mail carrier at the time the Secretary of State mailed the summons and complaint and it has a meritorious defense based on plaintiff's purported fraudulently inducing it to sign the loan.

In reply and in opposition to the cross-motion, plaintiff emphasizes that defendant was represented by counsel throughout the loan agreement process and explains in detail why defendant received approximately $87,000 from the loan. According to plaintiff, monies were deducted for unpaid interest owed on the first mortgage, for closing costs, and another $10,000 was held in escrow because defendant did not come to the closing with a proper insurance policy.

**Discussion**

The Court grants the motion and denies defendant's cross-motion. As an initial matter, defendant did not establish a reasonable excuse for failing to appear. Defendant did not claim that plaintiff failed to properly effectuate service with the Secretary of State. Rather, it blames the post office for its mail carrier obligations. However, the Court cannot ignore the fact that *defendant owns* the building— if the mail service was lacking, then defendant's principal should have taken steps to fix the problem. The affidavit of defendant's principal is silent on what she did to alleviate the problem, when she found out about it or how long this problem existed prior to service through the Secretary of State. It is not the obligation of plaintiff or the Secretary of State to ensure that the mail service at defendant's building is operating properly. Here, the papers were served to the correct address and defendant merely complains she never got them. That is not enough to establish a reasonable excuse for not appearing.

Even if defendant could establish a reasonable excuse, it did not show a meritorious defense. The principal for defendant appears to claim that she does not like the agreement that

she signed. While the Court appreciates that she may have been preoccupied with her mother's illness, that is not a valid defense to this action, especially where it is undisputed that she was represented by counsel at the closing. Defendant cannot get out of an agreement because its principal chose to read the terms after signing it and decided she doesn't like them or that they might have been different from previous discussions with plaintiff. That is presumably why defendant had counsel at the closing.

And there is no basis to find that plaintiff fraudulently induced defendant's principal into signing the loan agreement. In her affidavit, she admits that she signed a previous promissory note for $1.4 million in 2015 and that when this loan neared maturity, she sought out new financing. In other words, defendant wanted additional money from plaintiff. There is no basis to find that defendant was coerced or fraudulently induced into signing the agreement. Rather, it appears she sought out additional financing and received it.

Accordingly, it is hereby

ORDERED and ADJUDGED that the motion by plaintiff for a judgment of foreclosure and sale and to confirm the referee's report is granted; and it is further

ORDERED that the cross-motion by defendant is denied; and it is further

ORDERED that the mortgaged property described in the complaint and as described in this judgment, or such part thereof as may be sufficient to discharge the mortgage debt, the expense of sale and the costs of this action as provided in the RPAPL be sold within 90 days of this judgment, in one parcel, at a public auction at the New York County Courthouse located at 60 Centre Street, New York, New York under the direction of **Thomas Kleinberger, Esq.,** who is appointed Referee for this purpose; and it is further

ORDERED that the Referee shall give public notice of the time and place of sale in accordance with RPAPL 231(2) in the *New York Law Journal*; and the referee need not conduct the sale unless plaintiff shall provide the referee with proof of publication of the notice of sale, and if the sale is adjourned due to plaintiff's failure to provide such proof, then said adjournment shall not be considered at the referee's request; and it is further

ORDERED that by accepting this appointment the Referee certifies that she/he is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to §36.2 (c) ("Disqualifications from appointment"), and §36.2 (d) ("Limitations on appointments based upon compensation"), and, if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall immediately notify the Appointing Judge; and it is further

ORDERED that the Referee is prohibited from accepting or retaining any funds for herself/himself or paying funds to him/herself without compliance with Part 36 of the Rules of the Chief Administrative Judge; and it is further

ORDERED that the Referee shall conduct the foreclosure sale only if Plaintiff, its successors and/or assignees or its representatives is present at the sale or the Referee has received a written bid and Terms of Sale from Plaintiff, its successors and/or assigns, or its representatives; and it is further

ORDERED that if the Referee cannot conduct the sale within 90 days of the date of this judgment, plaintiff must make a motion to extend the time to sell the subject property explaining the reasons for the delay; and it is further

ORDERED that at the time of sale the Referee may accept a written bid from the Plaintiff or the Plaintiff's attorney, just as though Plaintiff were physically present to submit said bid; and it is further

ORDERED that the Referee shall accept the highest bid offered by a bidder who shall be identified upon the court record, and shall require that the successful bidder immediately execute Terms of Sale for the purchase of the property, and pay to the Referee in cash, certified check or bank check, ten percent (10%) of the sum bid, unless the successful bidder is Plaintiff, in which case no deposit against the purchase process shall be required and it is further

ORDERED that notwithstanding the previous paragraph, the Referee shall have the right to refuse cash payments and require a bank or certified check from the successful bidder and the Referee shall be entitled to qualify bidders and require bidders to show proof of funds before or during the auction; and it is further

ORDERED that in the event the first successful bidder fails to execute the Terms of Sale or fails to immediately pay the ten percent (10%) deposit as required, the property shall be immediately reoffered at auction on the same day; and it is further

ORDERED the Referee shall deposit the down payment and proceeds of sale, as necessary in an FDIC-insured bank where the Referee has an account for that purpose in accordance with CPLR 2609; and it is further

ORDERED that after the balance of the purchase price is paid or credited and the property is sold, the Referee shall execute a deed to the purchaser in accordance with RPAPL 1353 and the terms of sale (which shall be deemed a binding contract); and it is further

ORDERED that in the event a party other than Plaintiff becomes the purchaser at the sale, the closing of title shall be held no later than 30 days after the date of such sale; and it is further

ORDERED that, pursuant to RPAPL 1353(1), if Plaintiff (or its affiliate as defined in paragraph [a] of subdivision one of section six-l of the banking law) is the purchaser, the property shall be placed back on the market for sale or other occupancy within 180 days of the execution of the deed of sale or within 90 days of construction, renovation, or rehabilitation of the property, provided that such construction, renovation or rehabilitation proceeded diligently to completion, whichever comes first, provided that this court grants an extension upon a showing of good cause; and it is further

ORDERED that the Referee, after receiving the proceeds of the sale, shall pay (from the proceeds) the taxes, assessments, sewer rents, or water rates, which are, or may become, liens on the property in accordance with their priority according to law with such interest or penalties which may have lawfully accrued thereon to the date of payment; and it is further

ORDERED that the Referee shall deposit the balance of the proceeds from the sale in his or her own name as Referee in an FDIC-insured bank where the Referee has an account for that purpose and shall make the following payments in accordance with RPAPL 1354:

1. The Referee's fees for conducting the sale, which are $1,100. Plaintiff shall also compensate the Referee in the sum of $350 for each adjournment or cancellation made on less than two business days' notice unless the Referee caused the delay.

2. All taxes, assessments and water rates that are liens upon the property and monies necessary to redeem the property from any sales for unpaid taxes, assessments or water rates and any other amounts due in accordance with RPAPL 1354(2). The

purchaser shall be responsible for interest and penalties accrued *after* the sale. The Referee shall not be responsible for the payment of penalties or fees pursuant to this appointment. The purchaser shall hold the Referee harmless from any such penalties or fees assessed;

3. The expenses of the sale and the advertising expenses as shown on the bills presented and certified by the Referee to be correct, copies of which shall be annexed to the report of sale.

4. The Referee shall also pay to the Plaintiff or its attorneys the following:

    a. Amount Due from the Referee's Report: $2,691,415.40 with interest at the note rate from April 30, 2019 until entry of judgment, together with any advances as provided for in the note and mortgage which Plaintiff had made for taxes, insurance, principal, and interest and any other charges due to prior mortgages or to maintain the property pending consummation of the foreclosure sale, not included in the computation upon presentation of receipts for said expenditures to the Referee, and then with interest from the date of entry of this judgment at the statutory rate until the date the deed is transferred

    b. Costs and Disbursements: $1590.00 (to be filled in by the Clerk) to Plaintiff for costs and disbursements in this action with interest at the statutory judgment rate from the date of entry of this judgment;

    c. The Court declines to award additional allowance.

    d. Attorneys' Fees: $20,000.00 is hereby awarded as reasonable attorneys' fees with interest at the statutory judgment rate from the date of entry of this judgment.

5. Surplus monies from the sale shall be paid into Court by the Referee within five days after receipt in accordance with RPAPL 1354(4); and it is further

ORDERED that if Plaintiff is the purchaser of the property, or in the event that the rights of the purchasers at the sale and the terms of sale under this judgment shall be assigned to or be acquired by Plaintiff, and a valid assignment is filed with the Referee, the Referee shall not require Plaintiff to pay in cash the entire amount bid at sale, but shall execute and deliver to Plaintiff or its assignee, a deed or deeds of the property sold upon the payment to said Referee of the amounts specified as 1, 2, and 3 above, and the Referee shall allow Plaintiff to pay the amounts specified in 2 and 3 above when it is recording the deed; that the balance of the bid, after deducting the amounts paid by Plaintiff, shall be applied to the amount due to Plaintiff as specified in 4 above; that Plaintiff shall pay any surplus after applying the balance of the bid to the Referee, who shall deposit it in accordance with 5 above; and it is further

ORDERED that all expenses of recording the Referee's deed, including real property transfer taxes, which is not a lien upon the property at the time of sale, shall be paid by the plaintiff from the sale proceeds; and it is further

ORDERED that Plaintiff may seek to recover a deficiency judgment in accordance with RPAPL 1371 if applicable;

ORDERED that if the property is sold in one parcel in "as is" physical order and condition, subject to any condition that an inspection of the property would disclose; any facts that an accurate survey of the property would show; any covenants, restrictions, declarations, reservations, easements, right of way, and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged property is located and possible violations of same; any rights of tenants or persons in possession of the subject

property; prior liens of record, if any, except those liens addressed in RPAPL 1354, any equity of redemption of the United States of America to redeem the property within 120 days from the date of sale, any rights pursuant to CPLR 317, 2003 and 5015 or any appeal of the underlying action or additional litigation brought by any defendant or its successor or assignee contesting the validity of this foreclosure; and it is further

ORDERED that the purchaser be let into possession of the property upon production in hand of the Referee's Deed or upon personal service of the Referee's deed in accordance with CPLR 308; and it is further

ORDERED that defendants in this action and persons claiming through them and any person possessing a junior interest in the property after the Notice of Pendency was filed are barred and foreclosed of all right, claim, lien, title, and interest in the property after the sale of the mortgaged property; and it is further

ORDERED that within **14 days** after completing the sale and executing the proper conveyance to the purchaser, the Referee shall file with the clerk a report under oath of the disposition of the proceeds of the sale and upload the report to NYSCEF if it is an e-filed case; and it is further

ORDERED that if the purchaser or purchasers at said sale default upon the bid or terms of sale, the Referee may place the property for resale without prior application to this Court unless Plaintiff's attorney elects to make such an application; and it is further

ORDERED that Plaintiff shall serve a copy of this judgment with notice of entry upon the owner of the equity of redemption, any tenants named in this action, and any other parties entitled to service, including the Referee appointed herein; and it is further

ORDERED that nothing herein shall be deemed to relieve Plaintiff of any obligation imposed by RPAPL 1307 or 1308 to secure and maintain the property until ownership of the property has been transferred and the deed duly recorded; and it is further

ORDERED that when the Referee files a report of sale, she or he shall also file a Foreclosure Action Surplus Monies Form and also upload this document to NYSCEF if an e-filed case; and it is further

ORDERED that plaintiff shall upload the notice of sale to NYSCEF at least 21 days before the sale and the Referee and **plaintiff shall e-mail SFC-Foreclosures@nycourts.gov** at least 21 days before the auction date so the auction may be placed on the auction calendar; IF THE AUCTION IS NOT ON THE CALENDAR, then *the auction will not go forward*; and it is further

ORDERED that, without further order of the Court, the referee shall be entitled to an additional fee of $950 for conducting and attending a closing with a purchaser other than plaintiff, plus, if such a closing is scheduled for the referee's conference room, then the referee shall be entitled to a reasonable fee for use thereof, without further order of the Court.

The property is commonly known as 60 West 91st Street, New York, NY 10024. Plaintiff did not include a legal description in its proposed judgment (NYSCEF Doc. No. 61).

| 11·21·19 | |
|---|---|
| DATE | ARLENE P. BLUTH, J.S.C. |

| CHECK ONE: | [X] CASE DISPOSED | | [ ] NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | [X] GRANTED | [ ] DENIED | [ ] GRANTED IN PART | [ ] OTHER |
| APPLICATION: | [ ] SETTLE ORDER | | [ ] SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | [ ] INCLUDES TRANSFER/REASSIGN | | [X] FIDUCIARY APPOINTMENT | [ ] REFERENCE |

FILED
DEC -9 2019
COUNTY CLERK'S OFFICE
NEW YORK

*Milton A. Tingling*
CLERK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------

2386 HEMPSTEAD, INC.,

        Plaintiff

-against-

60 91st STREET CORP.

        Defendants

        Defendant(s).
-------------------------------------------------

**BILL OF COSTS**

Index No. 850274/2017

Justice:
Hon. ARLENE P. BLUTH

I HEREBY CERTIFY THAT I HAVE ADJUSTED THIS BILL OF COSTS AT
$ 1590.00

DEC - 9 2019

_[signature]_
CLERK

### COSTS

| | |
|---|---|
| Costs before Note of Issue (CPLR 8201(1)) | $ 200.00 |
| Costs after proceedings after note of issue filed but before trial | |
| Additional Allowance (CPLR§8302(a)1 (b) on | |
| 10%......................................$ ~~200.00~~ 20.00 | |
| 5%........................................$ ~~800.00~~ 40.00 | |
| 2%........................................$ ~~2,000.00~~ 40.00 | |
| 1%........................................$ ~~5,000.00~~ 50.00 | $150.00 ~~$ 8,000.00~~ |
| TOTAL COSTS | $ ~~8,200.00~~ |

### DISBURSEMENTS

| | |
|---|---|
| Fee for Index number (CPLR 8018(a)) | $400.00 $ ~~235.00~~ |
| Referee's Fees (CPLR 8301(a)(1), 8003, 8001(d) and 4321) | $ 350.00 |
| Paid for Searches (CPLR 8301(a)(10)) | $250.00 $ ~~489.94~~ |
| Serving copy summons & Complaint (CPLR 8301© ) and 8301(d) | $55.00 ~~95.00~~ |
| Request for Judicial Intervention | $ 95.00 |
| Motion Expenses (CPLR 8301(b) 2@ $45.00 | $ 90.00 |
| Referee fee to sell | $ ~~pending~~ |
| Fees for Publication (CPLR 8301(a)(3)) | $ ~~pending~~ |
| TOTAL DISBURSEMENTS | ~~$1,354.94~~ 1590.00 |

C:\Users\awole\Desktop\00345-305687914\alan\Desktop\Documents\Grodsky\Foreclosures\Mortimer\Judgement\bill of costs.wpd

## SUMMARY

| | |
|---|---|
| Costs | $ 8,200.00 |
| Disbursements | $ 1,354.94 |
| TOTAL | $ 9,554.94 |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------

2386 HEMPSTEAD, INC.,

                Plaintiff

      -against-

60 91st STREET CORP.

                Defendants

-------------------------------------------------------

**AFFIRMATION**

Index No. 850274/2017
Justice:
Hon. ARLENE P. BLUTH

      ALAN M. WOLINSKY, an attorney duly admitted to practice law in the courts of the State of New York, under penalty of perjury duly affirms and says:

1. That he is a shareholder of The Wolinsky Law Group, P.C. attorney of record for 2386 Hempstead, Inc., the mortgagee in this foreclosure proceeding.
2. The foregoing disbursements have been or will be necessarily incurred in this action and are reasonable in amount.
3. That each of the persons named as witnesses attended as a witness on the trial the number of days set opposite their names and each of these persons resided the number of miles set opposite their names, from the place of trial and each of these persons necessarily traveled the number of miles so set opposite their names in traveling to, and the same distance returning from the same place of trial.
4. That any copies of documents or papers as charged herein were actually and necessarily obtained for use.

DATED: May 13, 2019 Ronkonkoma, New York

                          ALAN M. WOLINSKY
                          THE WOLINSKY LAW GROUP, P.C.
                          160-02 Remington Boulevard
                          Ronkonkoma, New York 11779
                          (631)588-2900

C:\Users\awole\Desktop\00345-305687914\alan\Desktop\Documents\Grodsky\Foreclosures\Mortimer\Judgement\bill of costs.wpd

Index No. 850274/2017

Order and Judgment

FILED
DEC 09 2019
AT          10:08 A.M.
N.Y., CO. CLK'S OFFICE