UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re:                                    | Chapter 11                  |
|-------------------------------------------|-----------------------------|
| 60 91st Street Corp.,                     | Case No. 20-10338 (SCC)     |
| Debtor.                                   |                             |

**ORDER GRANTING THE MOTION OF THE CHAPTER 11 TRUSTEE PURSUANT TO SECTIONS 105, 363, AND 502(c) OF THE BANKRUPTCY CODE FOR ORDER (I) ESTIMATING THE CLAIM OF 2386 HEMPSTEAD, INC. AND (II) APPROVING SELECTION OF STALKING HORSE BIDDER, BREAK-UP FEE AND EXPENSE REIMBURSEMENT, AND RELATED RELIEF IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS**

Upon consideration of the *Motion of the Chapter 11 Trustee Pursuant to Sections 105, 363,and 502(c) of the Bankruptcy Code for Order (I) Estimating the Claim of 2386 Hempstead, Inc. and (II) Approving Selection of Stalking Horse, Break-up Fee and Expense Reimbursement, and Related Relief in Connection with the Sale of Substantially All of the Debtor's Assets* [ECF No. __] (the "**Motion**")[1] of Heidi J. Sorvino, as Chapter 11 Trustee in the above captioned case, (the "**Chapter 11 Trustee**"), requesting an estimation of the claims asserted by 2386 Hempstead, Inc. (the "**Lender**") and approval of the Chapter 11 Trustee's selection of a stalking horse, a break-up fee and expense reimbursement in connection therewith, and certain related relief, as described more fully below, in connection with the Chapter 11 Trustee's proposed sale of substantially all of the Debtor's assets.to Sections 105 and 542 of title 11 of the United States Code (the "**Bankruptcy Code**"), and the Court having held a hearing on the Motion; and the Court having reviewed the Motion and any opposition thereto; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED:

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

1. The Motion is GRANTED as set forth herein.

2. Pursuant to section 502(c), the Lender's claims are estimated to be zero and the Lender will not be permitted to credit bid at the Auction.

3. The Chapter 11 Trustee's selection of Pinetree Group, Inc. as the Stalking Horse Bidder at the Auction is approved along with the PSA and the Bid Protections, which are provided for in the PSA as contemplated by the Bidding Procedures Order.

4. The Bankruptcy Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____ , 2020
New York, New York

                                               _____
                                               HONORABLE SHELLEY C. CHAPMAN
                                               UNITED STATES BANKRUPTCY JUDGE