WHITE AND WILLIAMS LLP
Amy E. Vulpio, Esq.
James C. Vandermark, Esq.
7 Times Square, Suite 2900
New York, NY 10036
(212) 244-9500
vulpioa@whiteandwilliams.com
vandermarkj@whiteandwilliams.com

*Counsel to Heidi J. Sorvino, Esq.,
 as the Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>60 91st Street Corp.,<br>                     Debtor. | Chapter 11<br><br>Case No. 20-10338 (SCC) |

**ORDER AUTHORIZING SALE OF SUBSTANTIALLY ALL ASSETS OF THE DEBTOR, INCLUDING REAL PROPERTY, PURSUANT TO BANKRUPTCY CODE §§ 105, 363, 365 AND 1146 AND BANKRUPTCY RULES 6004 AND 6006**

Upon the motion (the "**Motion**")[1] of Heidi J. Sorvino, Esq., as Chapter 11 Trustee (the "**Chapter 11 Trustee**") of 60 91st Street Corp. (the "**Debtor**"), the debtor in the above-captioned Chapter 11 bankruptcy case, seeking the entry of an order in accordance with §§ 105, 363, 365 and 1146 of Title 11, United States Code, Federal Rules of Bankruptcy Procedure 2002, 6004, and 6006, Local Rule 6004-1, and the *Amended Guidelines for the Conduct of Asset Sales established pursuant to General Order M-383* (the **"Sale Guidelines"**): (a) authorizing and approving the procedures, terms and conditions (the **"Sale Terms"**) for a public auction (the "**Auction**") and the sale (the "**Sale**") of substantially all of the Debtor's assets (the "**Assets**"), consisting primarily of the real

---

[1] All capitalized terms used but not otherwise defined herein shall have the same meanings given to them in the Motion.

property known as and located at 60 West 91st Street, New York, New York (the "**Real Property**"), free and clear of all liens, claims, and encumbrances, including without limitation, to the maximum extent permitted by applicable law, any unexpired leases not expressly assumed by the Debtor and any other possessory rights to occupy the Real Property or any portion thereof (collectively, **"Liens"**), with such Liens attaching to the proceeds of the Sale, to the bidder tendering the highest or best offer; (b) authorizing and approving the assumption and assignment of a certain unexpired lease of residential real property of which the Debtor is a party in connection therewith (the "**Assumed Lease**") (c) establishing a procedure to confirm the highest or best offer received for the Assets; (d) approving the form, time and scope of notice of the Sale; and (e) granting related relief; and after due deliberation and consideration of all the facts and circumstances herein; and upon the record of the hearing on the Motion (the "**Procedures Hearing**"); and upon the Sale Procedure Order, which approved the Sale Terms; and upon the Declaration of Richard B. Maltz (the "**Maltz Declaration**") on behalf of Maltz Auctions, Inc. ("**Maltz**") and the Declaration of Greg Corbin (the "**Corbin Declaration**" and collectively with the Maltz Declaration the "**Broker Declarations**") on Behalf of Rosewood Realty Group ("**Rosewood**" and together with Maltz, collectively, the "**Brokers**"), in further support of the Motion and the Sale of the Assets to the Successful Bidder for a purchase price of $3,100,000.00, and upon the Sale Terms and the Purchase and Sale Agreement ("PSA") entered into by the Chapter 11 Trustee and Pinetree Group, Inc. ("**PGI**"); and upon the affidavits of service of the Motion, the Sale Procedure Order, the Notice of Sale, and the Notice of Presentment of Final Order, all on file with the Clerk of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"); and appropriate notice having been given and no further notice being necessary or required; and after

due deliberation and sufficient cause appearing therefor; and the relief sought being determined to be in the best interests of the Debtor's estate and creditors, it is hereby FOUND THAT

1. The Bankruptcy Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and this matter is a core proceeding under 28 U.S.C. 157(b)(2)(A), (N). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. Proper, timely, adequate and sufficient notice of the Motion, the Sale Hearing, and the transactions contemplated thereby has been provided in accordance with Bankruptcy Code §§ 102(1), 363, 365 and 1146 and Bankruptcy Rules 2002 and 6004, 9006, 9007, and 9014, which notice adequately described the nature of the Sale Hearing and the relief requested in the Motion and which notice was good and sufficient, and appropriate under the particular circumstances and no other or further notice of the Motion, the Sale Hearing and the transactions contemplated thereby, or of the entry of this Order is required.

3. The marketing efforts undertaken by the Chapter 11 Trustee and the Brokers as described in the Broker Declarations, the Notice of Sale, and all other notices given in connection with the relief sought in the Motion, that was provided by the Chapter 11 Trustee, is and shall be, deemed good and sufficient service and no further notice of the relief provided for herein is necessary or required.

4. The Chapter 11 Trustee has full power and authority to consummate the transactions contemplated by this Order, including executing all necessary documents to consummate the sale of the Assets, and assigning the Assumed Lease.

5. The Chapter 11 Trustee has advanced sound business justifications for seeking to sell the Assets under the Sale Terms as demonstrated at the Sale Hearing, and the Sale under those Sale Terms is a reasonable exercise of the Chapter 11 Trustee's business judgment.

6. The PSA was negotiated, proposed and entered into by the Chapter 11 Trustee and the Successful Bidder without collusion, in good faith, and from arm's-length bargaining positions. Neither the Chapter 11 Trustee nor the Successful Bidder has engaged in any conduct that would cause or permit the PSA to be voided under Section 363(n) of the Bankruptcy Code.

7. The Successful Bidder is a good faith purchaser within the meaning of Section 363(m) of the Bankruptcy Code and, as such, is entitled to all the protections afforded thereby. The Successful Bidder will be acting in good faith within the meaning of Section 363(m) of the Bankruptcy Code in closing the Sale of the Assets (the "**Closing**") as in the PSA.

8. The Sale Terms, including the total consideration realized by the Debtor's estate pursuant to the Sale: (i) are fair and reasonable; (ii) represent the highest and best offer for the Assets; (iii) provide a greater recovery for the Debtor's creditors than would be provided by any other practical available alternative; and (iv) constitute fair consideration.

9. The transfer of the Assets upon the Closing will: (i) be a legal, valid, and effective transfer of the Assets of the Debtor's estate to the Successful Bidder; and (ii) vest the Successful Bidder with good, marketable and insurable title to the Assets free and clear of any Liens and security interests of whatever kind or nature.

10. Subject to and conditioned upon the occurrence of the Closing, the Debtor is hereby authorized in accordance with Sections 105(a) and 365 of the Bankruptcy Code to assume and assign the Assumed Lease to the Successful Bidder free and clear of all claims, and to execute and deliver to the Successful Bidder such documents or other instruments as may be necessary to assign and transfer the Assumed Lease to the Successful Bidder as provided in the PSA. Upon the Closing, Purchaser shall be fully and irrevocably vested with all right, title and interest of the Debtor under the Assumed Lease and, pursuant to Section 365(k) of the Bankruptcy Code, except

as expressly set forth in the PSA, the Debtor shall be relieved from any further liability with respect to the Assumed Lease. Upon the Closing, the Successful Bidder shall have no liability or obligation with respect to any claim or matter accruing or arising under the Assumed Lease before the Closing. The Successful Bidder acknowledges and agrees that from and after the Closing, subject to and in accordance with the PSA, it shall comply with the obligations as the landlord under the Assumed Lease accruing and arising from and after the Closing under the Assumed Lease in its entirety, including any indemnification obligations expressly contained in such Assumed Lease that could arise as a result of events or omissions that occur from and after the Closing, unless any such provisions are not enforceable pursuant to the terms of this Order.

11. Each and every filing agent, filing officer, title agent, recording agency, governmental department, secretary of state, federal, state and local official, and any other persons and entity who may be required by operation of law, the duties of its office or contract, to accept, file, register, or otherwise record or release any documents or instruments or who may be required to report or insure any title in or to the Assets, is hereby authorized and directed to accept any and all documents and instruments necessary and appropriate to consummate the Sale contemplated by the PSA and approved by this Order.

12. The sale of the Assets as a going concern is necessary and integral to, and conditioned upon, the confirmation of Debtor's Chapter 11 Plan, which will provide for the disbursement of the Sale proceeds to creditors. The funding for the Chapter 11 Plan can only be accomplished through the sale of the Assets of the Debtor.

13. All of the provisions of this Order and the PSA are nonseverable and mutually dependent.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. The Motion is granted in its entirety.

2. All objections to the Motion or the relief requested therein, if any, that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled.

3. The Chapter 11 Trustee is authorized and empowered, under 11 U.S.C. §§ 105(a) and 363 to enter into and perform under the PSA in order to close the Sale of the Assets to the Successful Bidder for the sum of $3,100,000.00 (the "**Sale Proceeds**"), free and clear of all Liens, with such Liens, if any, to attach to the Sale Proceeds in the priority and validity as they presently exist pending further order of this Court, except as otherwise provided for in this Order.

4. The Chapter 11 Trustee is authorized, under 11 U.S.C. § 365, to assume and assign all executory contracts and unexpired leases relating to the Assets to the Successful Bidder, at the Chapter 11 Trustee's discretion.

5. All persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax, and regulatory authorities, lenders, trade and other creditors, holding claims of any kind and nature arising prior to the Closing or relating to acts occurring prior to the Closing, and whether imposed by agreement, understanding, law, equity or otherwise against the Debtor or the Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or noncontingent, senior or subordinated), arising on or before the Closing, or out of, under, in connection with, or in any way relating to, events occurring prior to the Closing, with respect to the Assets, hereby are forever barred, estopped, and permanently enjoined from asserting such claims of any kind and nature against the Successful Bidder, its successors or assigns, their property, or the Assets.

6. The terms and provisions of the PSA, together with the terms and provisions of this Order, shall be binding in all respects upon, and shall inure to the benefit of the Chapter 11 Trustee, the Debtor's estate, and the Successful Bidder, and their respective affiliates, successors and assigns, and shall be binding in all respects upon any affected third parties, and all persons asserting a claim against or interest in the Debtor's estate or the Assets.

7. The Bankruptcy Court retains exclusive jurisdiction to interpret, construe and enforce the provisions of the PSA and this Order, provided, however, that, in the event the Bankruptcy Court abstains from exercising or declines to exercise jurisdiction with respect to any matter provided for in this clause or is without jurisdiction, such abstention, refusal or lack of jurisdiction shall have no effect upon and shall not control, prohibit or limit the exercise of jurisdiction of any other court having competent jurisdiction with respect to any such matter.

8. The Chapter 11 Trustee is authorized to do such things, and execute such documents and expend such funds necessary to transfer title to the Assets and to effectuate the terms and conditions of this Order.

9. The Sale and distribution of the net proceeds through the Chapter 11 Plan fall within the scope of the exemption provided for under section 1146(a) of the Bankruptcy Code and thus are exempt from the imposition of any New York state, local, or other real property transfer, deed recording or documentary tax, or other similar taxes that would otherwise be imposed upon a sale or due in connection with the transfer of the Real Property at Closing.

10. The 506(c) Carve-Out is approved, and the Chapter 11 Trustee shall be entitled to recover from the proceeds of the Sale all reasonable, necessary costs and expenses of preserving the Assets, conducting the Auction, and closing the Sale transaction, including the Chapter 11 Trustee's fees and the reasonable fees and expenses of her Professionals, to the extent the fees and

expenses are approved by the Bankruptcy Court pursuant to the terms of the respective Orders approving the Chapter 11 Trustee's employment of the Professionals.

11. The Successful Bidder has acted in good faith and will acquire the Assets in good faith within the meaning of Section 363(m) of the Bankruptcy Code.

12. If the Successful Bidder fully performs under the Sale Terms at any time on or after the entry of this Order, then, with respect to the sale of the Assets, the Successful Bidder shall be entitled to the protection of 11 U.S.C. § 363(m) as set forth in this Order or any authorization contained herein, and the purchase by the Successful Bidder constitutes a purchase in good faith for fair value within the meaning of 11 U.S.C. § 363(m).

13. This Court hereby orders that the fourteen (14) day stay provided for in Bankruptcy Rule 6006(d), to the extent applicable, shall not be in effect with respect to the Sale.

Dated: _____, 2020
      New York, New York

                                                                   _____
                                                                   HONORABLE SHELLEY C. CHAPMAN
                                                                   UNITED STATES BANKRUPTCY JUDGE